UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FEDERAL TRADE COMMISSION,

                Plaintiff,

  - against -

SUPERGOODDEALS.COM, INC., AND
KEVIN J. LIPSITZ, INDIVIDUALLY AND AS AN
OFFICER OF SUPERGOODDEALS.COM, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

20 CV 3027 (ENV)

# GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF
APPLICATION TO INTERVENE AND TO STAY CIVIL PROCEEDINGS

SETH D. DUCHARME
Acting United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

JULIA NESTOR
ANDREW WANG
Assistant U.S. Attorneys
(Of Counsel)

PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in support of its motion to intervene in the above-captioned civil case (the "Civil Case") and to stay civil proceedings because of the pendency of the parallel criminal case, United States v. Kevin J. Lipsitz, 20-MJ-509 (the "Criminal Case"), which has been filed in this district, and a related, ongoing grand jury investigation. The same underlying facts are at issue in both the Civil Case and the Criminal Case. Defendant Kevin J. Lipsitz (hereinafter, "Lipsitz"), who was arrested and is out on bail in the Criminal Case, has advised the government through retained counsel that he does not object to the government's motion for a stay of the Civil Case. The government has also consulted with the U.S. Federal Trade Commission ("FTC"), which does not oppose the entry of the requested order to stay the Civil Case.

A stay of proceedings is appropriate because the government's motion is timely and the same alleged fraudulent scheme is at issue in both the Civil Case and the Criminal Case. Moreover, a stay of proceedings is necessary, as Lipsitz should not be permitted to use civil discovery in the Civil Case to avoid the restrictions on criminal discovery that would otherwise pertain to him in the Criminal Case. A stay is also necessary to preserve the secrecy of the ongoing grand jury proceedings, and will likely promote judicial economy. Accordingly, the government respectfully requests that the Court: (1) permit it to intervene pursuant to Federal Rule of Civil Procedure 24; and (2) order, pursuant to the Court's inherent power, that civil proceedings in the Civil Case be stayed until the conclusion of the related Criminal Case and the ongoing grand jury investigation.

FACTUAL BACKGROUND

I.  The Civil Case

On July 8, 2020, the FTC filed a complaint against defendants SuperGoodDeals.com, Inc. ("SuperGoodDeals") and Kevin J. Lipsitz (the "Civil Defendants") (hereinafter the "FTC Complaint").  See Docket No. 1.  Lipsitz is the sole owner of SuperGoodDeals.com, Inc.  The complaint alleges that, beginning in March 2020, the Civil Defendants sought "to capitalize on the recent demand for personal protective equipment ('PPE')" and "began marketing masks, respirators, and other PPE through their website."  FTC Complaint at 3.  The FTC Complaint also alleges that SuperGoodDeals "tells consumers that its practice . . . is to ship paid-for orders within one business day, if not faster," that this policy was "clearly and conspicuously display[ed]" on its website, and that the policy was touted specifically in connection with the sale of PPE.  Id. at 4-5.  The FTC Complaint alleges that the Civil Defendants' promises of next-day shipping were false, with many orders shipping weeks after the order dates.  Id. at 5.  As a result, the FTC Complaint alleges that the Civil Defendants not only received and ignored hundreds of complaints regarding shipping delays, but also continued to advertise their next-day shipping policy, despite knowing that "the PPE would not ship in the promised time."  Id. at 6.

II.  The Criminal Case

On July 7, 2020, United States Magistrate Judge Roanne L. Mann signed a complaint charging Lipsitz with, inter alia, the same conduct alleged in the FTC Complaint.  See United States v. Lipsitz, Case No. 20-MJ-509, ECF No. 1 (the "Criminal Complaint").  Specifically, the Criminal Complaint alleges that from March 2020 through May 2020, Lipsitz devised a scheme to defraud individual consumers by inducing them to buy PPE from the

2

SuperGoodDeals website through "misrepresentations regarding SGD's inventory of PPE and its ability to ship PPE quickly."  Criminal Complaint at 12.  The Criminal Complaint describes in detail the same conduct at issue in the FTC Complaint, alleges that Lipsitz did not ship many orders for PPE "until weeks after the fact," and alleges that his website's "advertisements of in-stock inventory and fast, next-day shipping was material information that consumers relied on in deciding to order PPE from" the website.  Id. at 14, 17.

ARGUMENT

POINT ONE

INTERVENTION IS APPROPRIATE

I.      Applicable Law

Rule 24 of the Federal Rules of Civil Procedure provides that a party may intervene in a civil action either as a matter of right or on a permissive basis.  Either avenue justifies intervention by the United States in the present action.  See In re Air Cargo Shipping Servs. Antitrust Litig., M.D.L. No. 1775, 06-MD-1775, 2010 U.S. Dist. LEXIS 128950, at *58, 62-63 (E.D.N.Y. Dec. 3, 2010) (granting motion, noting that "[w]hether as of right under Rule 24(a) or by permission under Rule 24(b), courts in the Second Circuit have routinely granted motions made by prosecuting authorities seeking to intervene in civil actions for the purpose of obtaining stays of discovery").

Federal Rule of Civil Procedure 24(a) provides that a person may intervene as of right when the applicant:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

3

Fed. R. Civ. P. 24(a). Intervention is appropriate under Federal Rule of Civil Procedure 24(a) if the application is timely, the party has an interest in the transaction, the action may impede the party's ability to protect that interest, and the party's interests are not adequately represented in the action. See Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 389 (2d Cir. 2006); Cascade Natural Gas Co. v. El Paso Natural Gas Co., 386 U.S. 129, 132-36 (1967) (permitting State of California to intervene under Rule 24(a) in antitrust case to protect state's "interest" in promoting competition in California).

Additionally, a court may permit intervention when an applicant files a timely motion and has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). Intervention under Federal Rule of Civil Procedure 24(b) is "wholly discretionary with the trial court." United States Postal Service v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978). In exercising their discretion, courts consider the nature and extent of the intervener's interests, whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties, and whether the interests of the proposed intervener are adequately represented by the existing parties. See Berroyer v. United States, 282 F.R.D. 299, 302-03 (E.D.N.Y. 2012); Miller v. Silbermann, 832 F. Supp. 663, 673-74 (S.D.N.Y. 1993).

II.   Discussion

Allowing the United States to intervene in this case under Rule 24 is appropriate. The United States' motion is timely, as it is being filed before any discovery has taken place in the Civil Case. Additionally, no party has suffered prejudice, and neither party objects to the government's motion to intervene and stay the proceedings. Moreover, as demonstrated above, the same alleged fraudulent schemes are at issue in both the Civil Case and the Criminal Case.

4

When government prosecutors have advised courts that they are conducting criminal prosecutions or investigations of individuals involved in a pending civil action, the courts have regularly permitted the government to intervene to request a stay of proceedings or discovery in the ongoing civil cases. See, e.g., SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988) (permitting government intervention to seek stay of civil discovery in SEC action pending completion of a criminal investigation involving the same underlying facts was not an abuse of discretion under either Rule 24(a) or Rule 24(b)); see also SEC v. Doody, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002); Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 8 (D. Conn. 2002); SEC v. Downe, No. 92 Civ. 4092 (PKL), 1993 WL 22126 at *11 (S.D.N.Y. Jan. 26, 1993); Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992).

Intervention is warranted as a matter of right under Rule 24(a)(2) in light of the strong interest of the government and the public in the enforcement of criminal laws. See, e.g., Cascade Natural Gas Co., 386 U.S. at 132-36 (permitting intervention as of right by State in antitrust proceedings because of public interest in effective competition); SEC v. Realty & Improvement Co., 310 U.S. 434, 458-60 (1940) (SEC should have been permitted to intervene in bankruptcy proceeding because resolution of that proceeding might "defeat the public interests which [the SEC] was designated to represent"). That interest may be substantially impaired if civil proceedings were allowed to continue in this matter before the resolution of the Criminal Case, as explained further in Point II below.

Courts have specifically recognized that the government "has a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." Chestman, 861 F.2d at 50; see Morris v. Am. Fed'n of State, County & Mun. Employees, No. 99 Civ. 5125 (SWK), 2001 WL 123886 at

5

*1 (S.D.N.Y. Feb. 9, 2001) (permitting the District Attorney to intervene in civil action to request stay of discovery); Bd. of Governors of the Fed. Reserve Sys. v. Pharaon, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) (same); First Merchs. Enter., Inc. v. Shannon, No. 88 Civ. 8254 (CSH), 1989 WL 25214 at *2-*3 (S.D.N.Y. Mar. 16, 1989) (allowing the United States Attorney to intervene in a civil action).

Intervention is also warranted as an exercise of this Court's discretionary authority because the Civil Defendants are charged with engaging in essentially the same scheme in the Criminal Case. Indeed, there is substantial overlap in the core factual allegations underlying this action and the factual questions that likely will be resolved in the Criminal Case – namely, whether Lipsitz schemed to defraud individual consumers by inducing them to order PPE from the SuperGoodDeals website through misrepresentations and omissions about, inter alia, his company's inventory of and ability to ship PPE shortly after order placement. The United States seeks only a stay of the proceedings, and its intervention will not alter the parties' respective positions. In fact, the criminal prosecution will likely benefit the civil parties, by bringing out facts relevant to the Civil Case and streamlining the ensuing litigation. Accordingly, this Court should permit the government to intervene.

POINT TWO

STAY OF CIVIL PROCEEDINGS SHOULD BE GRANTED

I.   Applicable Law

District courts have the inherent authority to stay their own civil proceedings. See Landis v. N. Am. Co., 299 U.S. 248 (1936). Pursuant to this discretionary authority, courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders. See SEC v. Dressler, 628 F.2d 1368, 1375 (D.C. Cir. 1980).

In making the determination whether to exercise its discretion to stay the civil proceedings, the Court should balance the following considerations:

> (1) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

Twenty First Century Corp., 801 F. Supp. at 1010 (citations and quotations omitted). As described below, each of these factors weighs in favor of granting a stay of civil proceedings in the Civil Case until the conclusion of the criminal prosecution.

II.  Discussion

  A.  A Stay Will Prevent Unfair Prejudice to the Government

A stay of the civil proceedings is appropriate to prevent Lipsitz from taking unfair advantage of broad civil discovery rules in the Civil Case to avoid the restrictions that would otherwise pertain to him as the defendant in the Criminal Case. The Second Circuit has recognized that the government has "a discernible interest in intervening in order to prevent discovery in [a] civil case from being used to circumvent the more limited scope of discovery [available] in [a] criminal matter." Chestman, 861 F.2d at 50. The vastly different rules that apply to discovery in civil and criminal cases are important reasons for staying civil proceedings and discovery in cases where there are parallel criminal proceedings. See, e.g., Bridgeport Harbour Place I, LLC, 269 F. Supp. 2d at 10 ("Courts are very concerned about the differences in discovery afforded to parties in a civil case and those of a defendant in a criminal case."); Twenty First Century Corp., 801 F. Supp. at 1010 (granting stay, in part, because "[a]llowing civil discovery to proceed . . . may afford defendants an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules"); SEC v. Beacon Hill Asset

7

Management LLC, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "the principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases") (Kaplan, J,); Phillip Morris Inc. v. Heinrich, 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without stay, targets "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); Governor of the Fed'l Reserve System v. Pharaon, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery") (citations omitted).  Unlike in a civil case, criminal defendants ordinarily are not entitled to depose prosecution witnesses, much less engage in the type of far-ranging inquiry permitted by the civil rules.  See, e.g., Fed. R. Crim. Proc. 15(a).  Nor are they able to obtain documents reflecting prior statements of witnesses before trial.  See 18 U.S.C. § 3500; Fed. R. Crim. Proc. 16(a).  Likewise, the criminal discovery rules require production only of those documents which the government intends to offer at trial, or which are material to the defense.  See Fed. R. Crim. Proc. 16(a)(1)(C).

      Discovery in criminal cases is narrowly circumscribed for important reasons entirely independent of any generalized policy of restricting the flow of information to defendants.  Three major reasons regularly identified by the courts in justifying narrow criminal discovery are that: (1) the broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence; (2) the revelation of the identity of prospective witnesses may create the opportunity for intimidation; and (3) the criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self-incrimination privilege would effectively block any attempts by the government to discover

8

relevant evidence from the defendants. Nakash v. U.S. Dep't of Justice, 708 F. Supp. 1354, 1366 (S.D.N.Y. 1988); see also Campbell v. Eastland, 307 F.2d 478, 487 n.12 (5th Cir. 1962); Raphael v. Aetna Cas. & Sur., 744 F. Supp. 71, 75 (S.D.N.Y. 1990); Founding Church of Scientology v. Kelley, 77 F.R.D. 378, 381 (D.D.C. 1977).

Here, discovery by the Civil Defendants of the notes of interviews of witnesses, or the taking of such witnesses' depositions, would undoubtedly provide information to them not otherwise discoverable in the Criminal Case, and shed light on the strategies and progress of the ongoing grand jury investigation as well as any resulting prosecution, thus enhancing the defendants' ability to manufacture evidence or tailor testimony, and otherwise severely hamper the government's ability to conduct an orderly investigation and prosecution.

As the government will suffer irreparable prejudice if the Civil Defendants are permitted to obtain broad civil discovery – such as deposition and interrogatory discovery – prior to the conclusion of the criminal proceeding, the requested stay should be granted.

B. A Stay Would Serve the Public Interest in Law Enforcement

It is well-settled that "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." Campbell, 307 F.2d at 487; see also In re Ivan F. Boesky Sec. Litig., 128 F.R.D. 47, 48 (S.D.N.Y. 1989). Indeed, one court has observed that "where both civil and criminal proceedings arise out of the same or related transactions, the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter." United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966).

Stays of proceedings and discovery in civil actions reflect a recognition of the

9

vital interests at stake in a criminal prosecution. See, e.g., United States v. Kordel, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution"). Stays have been granted to halt civil litigation that threatened to impede criminal investigations which had yet to yield an indictment. For example, stays have been granted to avoid interference in investigations relating to tax fraud, see, e.g., Campbell, 307 F.2d at 480, insider trading, see, e.g., Chestman, 861 F.2d at 50; Downe, 1993 WL 22126 at *1, insurance fraud, see, e.g., Raphael, 744 F. Supp. at 73, bank fraud, see, e.g., Pharaon, 140 F.R.D. at 639, customs violations, see, e.g., R.J.F. Fabrics, Inc. v. United States, 651 F. Supp. 1437 (U.S. Ct. Int'l Trade 1986), and immigration fraud, see, e.g., Souza v. Shiltgen, No. C-95-3997 MHP, 1996 WL 241824 at *1 (N.D. Cal. May 6, 1986).

A stay is appropriate here because there is a criminal complaint filed against one of the defendants in the Civil Case for engaging in the same activities that are the subject of that lawsuit. The prosecution in this case will therefore vindicate substantially the same public interest underlying the FTC's civil action, namely preventing consumer fraud. See, e.g., Volmar Distrib., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (criminal prosecution would serve to advance public interest in preserving integrity of competitive markets).

C. The Civil Parties Will Not Be Prejudiced by the Proposed Stay

Both the FTC and the Civil Defendants, none of whom oppose the filing of the requested order, will save significant resources by allowing the Criminal Case to proceed unencumbered by the burdens of civil proceedings and discovery. As described above, one of the Civil Defendants (Lipsitz) has been charged in the Criminal Case. If Lipsitz is convicted in the Criminal Case, he will in all likelihood not proceed to trial in the Civil Case. See SEC v.

Freeman, 290 F. Supp. 2d 401, 405 (S.D.N.Y. 2003) ("It is settled that a party in a civil case may be precluded from relitigating issues adjudicated in a prior criminal proceeding and that the Government may rely on the collateral estoppel effect of the conviction in support of establishing the defendant's liability in the subsequent civil action").

Lipsitz may also choose to assert his Fifth Amendment right against self-incrimination in the Civil Case. As detailed above, it would be unfair to permit him to obtain discovery while not requiring that he provide the same. A stay would also be likely to streamline discovery for the FTC and any defendants who remain in the Civil Case after the conclusion of the criminal proceedings. See Twenty First Century Corp., 801 F. Supp. at 1011 (noting that civil discovery due to pending criminal action "may streamline later civil discovery since the transcripts from the criminal case will be available to the civil parties."). The FTC and the Civil Defendants will therefore benefit from, as opposed to be prejudiced by, a stay of proceedings and discovery in the Civil Case.

D. The Court Will Not Be Inconvenienced If It Stays Proceedings in the Civil Case

The Court will not be inconvenienced as a result of the stay. To the contrary, as stated above, should the Criminal Case result in a conviction, it could greatly streamline the Civil Case. A stay of civil proceedings is also likely to narrow or eliminate factual issues in the civil litigation. See, e.g., In re Grand Jury Proceedings, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."); United States v. Mellon Bank, 545 F.2d 869, 873 (3rd Cir. 1976) (affirming a stay of discovery and stating: "[I]t might well have been that resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case."); Brock v. Tolkow, 109 F.R.D. 116, 119-20 (E.D.N.Y. 1985) (in granting a stay,

11

noting that "the resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues."). All of this will save the Court's time and resources when the civil proceedings stay is lifted at the conclusion of the criminal proceedings.

## CONCLUSION

In sum, the interests of the public, the government, the parties, and the Court strongly weigh in favor of granting this motion for a stay. In the interests of permitting the government to complete its prosecution in the Criminal Case, as well as the ongoing criminal investigation, the government respectfully requests that its motion for a stay of civil proceedings in the Civil Case be granted.

Dated:  Brooklyn, New York
        September 15, 2020

Respectfully submitted,

SETH D. DUCHARME
United States Attorney

_____/s/_____
Julia Nestor
Andrew Wang
Assistant U.S. Attorneys
(718) 254-7000

Cc:   Clerk of the Court (ENV)
      Counsel for the FTC (by email)
      Hanna Shoshany, Esq. (by email)